IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| SIERRA CLUB, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 5:10-CV-156-DF |
| | § | |
| ENERGY FUTURE HOLDINGS | § | |
| CORPORATION and LUMINANT | § | |
| GENERATION COMPANY, LLC, | § | |
|     Defendants. | § | |

**O R D E R**

Before the Court is Plaintiff's Motion for Reconsideration and Request for Hearing. Dkt. No. 26. Also before the Court are Defendants' response and Plaintiff's reply. Dkt. Nos. 27 & 30. The Court held a hearing on May 11, 2011. *See* 5/11/2011 Minute Entry, Dkt. No. 33. Having considered the briefing, oral arguments of counsel, and all relevant papers and pleadings, the Court finds that Plaintiff's motion should be **DENIED**.

**I. BACKGROUND AND LEGAL PRINCIPLES**

This Clean Air Act citizen suit alleges excess opacity events (opacity "exceedances") at the Martin Lake Steam Electric Station during maintenance, startup, and shutdown ("MSS") activities. Dkt. No. 25 at 1; Dkt. No. 26 at 3. Opacity is an indicator of particulate matter ("PM") emission. Dkt. No. 26 at 7. Plaintiff seeks penalties for past exceedances and an injunction against future exceedances. Plaintiff also alleges violation of the heat input limit.

The above-captioned case has been previously referred to United States Magistrate Judge Caroline Craven for all pretrial purposes. Judge Craven entered a 12-month stay on March 11, 2011, based on pending petitions to the Court of Appeals for the Fifth Circuit related to the

validity of certain affirmative defenses. *See* Dkt. No. 25.

Plaintiff appeals Judge Craven's decision pursuant to Rule 4 of Appendix B of the Local Rules, which provides that the Court shall consider objections and shall modify or set aside any portion of a magistrate judge's order on a nondispositive matter found to be "clearly erroneous or contrary to law." *See also* 28 U.S.C. § 636(b)(1)(A). A finding is "clearly erroneous" only when the Court is "left with the definite and firm conviction that a mistake has been committed." *Concrete Pipe & Prods. of Cal., Inc. v. Constr. Laborers Pension Trust*, 508 U.S. 602, 622 (1993).

## II. THE PARTIES' POSITIONS

Defendants' Fifth Circuit petition relates to federal Environmental Protection Agency ("EPA") action on Texas' 2006 proposed State Implementation Plan ("SIP") "approving Texas' affirmative defense for excess emissions and opacity events during *unplanned* MSS activities, but disapproving the State's affirmative defense for such exceedances during *planned* MSS activities." *Id.* at 2-3; *see also* Principal Brief, Dkt. No. 37. The affirmative defenses apply to MSS opacity events during the transition period between the Texas 2000 SIP (which *exempted* MSS activities from opacity limits) and the new SIP proposed in 2006 (which requires *permits* for excess opacity during MSS activities). *See* Petition, Dkt. No. 20, Attach. 1 at 3. Defendants argue that EPA's partial disapproval has rendered the Texas SIP more stringent than Texas intended. *Id.* at 8. Defendants' petition also urges that EPA's delay has caused unfair prejudice because Texas set the phase-out of the exemptions provided by the 2000 SIP to occur on June 30, 2006, which should have been after the EPA ruled, Defendants argue, but EPA did not rule until November 10, 2010. *See id.* at 10. Meanwhile, Texas began rolling out its permit program to

various industries, but electric generating stations were not required to apply for permits until January 2011. *Id.* at 4. Defendants argue that by disapproving one of the affirmative defenses, "EPA has created a bureaucratic trap that serves no legitimate purpose." *Id.*

Plaintiff argues that "unless the new affirmative defense rule is retroactive, it has no relevance to this case whatsoever." Dkt. No. 26 at 5-6. Plaintiff also submits that the affirmative defenses at issue in the Fifth Circuit petition only apply to penalties, not injunctive relief. *Id.* at 1. Plaintiff further submits that a 12-month stay will permit "unfettered violations of [Defendants'] opacity limit to the detriment of [Plaintiff's] members and the larger public living downwind of the power plant." *Id.* at 7. Plaintiff argues that the 12-month stay "interferes with Congressional intent encouraging 'swift and direct' enforcement of the Clean Air Act." *Id.* at 9. Plaintiff further argues that Judge Craven erroneously relied on Plaintiff's lengthy efforts to settle with Defendants, which Plaintiff argues unfairly punishes Plaintiff and undermines the judicial policy of encouraging settlement efforts. *Id.* at 11.

Alternatively, Plaintiff requests bifurcation of the case into a liability phase, during which the relevant exceedances would be identified and characterized, and a remedies phase, during which the affirmative defenses would be relevant. *Id.* at 11. Plaintiff concludes that the pending Fifth Circuit petitions would only pertain to the remedies phase. *Id.* at 11-12.

Defendants respond that the Court has broad discretion to enter a stay. Dkt. No. 27 at 1. Defendants also argue that the Fifth Circuit "may" address the retroactivity issue while resolving the main dispute, which is "whether the [EPA] can lawfully render the Texas [SIP] more stringent that the State intended through partial disapproval of Texas's 2006 SIP submittal after a prolonged period of unlawful EPA delay that created the SIP gap that [Plaintiff] seeks to exploit

in this case." *Id.* at 2. Defendants urge that the stay is prudent because "the Fifth Circuit will provide necessary and potentially binding guidance to this Court . . . ." *Id.* at 4. As to Plaintiff's claim for injunctive relief, Defendants submit there will be nothing to enjoin because: (1) Defendants will obtain a permit for planned MSS events; and (2) unplanned MSS events are, by definition, "unavoidable and inevitable" and cannot be enjoined. *Id.* at 6 & n.4 (citation omitted). Also, although Plaintiff emphasizes its request for injunctive relief, Defendants note that Plaintiff is seeking $32,500 for each of thousands of alleged opacity exceedances. Dkt. No. 24 at 4. As to bifurcation, Defendants note that Plaintiff is first raising this proposal in its motion for reconsideration and, moreover, bifurcation would not aid judicial economy because "[Plaintiff] claims that [Defendants are] strictly liable for the violations alleged." *Id.* at 9.

Plaintiff replies that the Fifth Circuit petitions are irrelevant because the affirmative defenses at issue therein cannot be applied retroactively. Dkt. No. 30 at 1. Instead, Plaintiff submits, "alleged Clean Air Act violations are governed by the federally-approved SIP in place at the time they occurred." *Id.* Plaintiff submits that to conclude otherwise would allow states to circumvent the Clean Air Act by merely proposing revisions to their SIPs. *Id.* at 1-2 (citation omitted). Plaintiff also points out that Defendants' Fifth Circuit petition does not address retroactivity. *Id.* at 2.

### III. DISCUSSION

During oral argument, Plaintiff emphasized that its two-year delay in filing suit is attributable to settlement negotiations. Plaintiff presented this argument to Judge Craven, who ultimately rejected it. *See* Dkt. No. 23 at 6 (response to motion to stay). Similarly, Plaintiff represented during oral argument that Defendants' Martin Lake facility is one of the top three PM

polluters in Texas and generates more mercury pollution than any other power plant in the United States. Although Plaintiff's briefing to Judge Craven did not include all such information represented to the undersigned during oral argument, Plaintiff's briefing highlighted the purported health risks associated with the pollution. *See* Dkt. No. 23 at 4-5. Judge Craven thus considered and rejected Plaintiff's arguments in that regard. Alternatively, to whatever extent facts were not presented to Judge Craven, the Court should not now rely on facts that could have been presented in response to the original motion but were not. *Cf. Field v. Corrections Corp. of Am. Inc.*, 364 F. App'x 927, 930 (5th Cir. 2010) ("Claims raised for the first time in objections to the magistrate judge's report are generally not considered on appeal.") (citing *Finley v. Johnson*, 243 F.3d 215, 219 n. 3 (5th Cir. 2001)); *Banks v. Dretke*, 383 F.3d 272, 278 (5th Cir. 2004) ("[I]ssues first raised in objections to a magistrate judge's report and recommendation are not properly before the district court.") (citing *United States v. Armstrong*, 951 F.2d 626, 630 (5th Cir. 1992)). Finally, Plaintiff did not present any bifurcation proposal to Judge Craven, so that proposal should be rejected. *See id.*

On balance, Plaintiff has failed to show that Judge Craven's Order is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); *see also* Fed. R. Civ. P. 72(a).

### IV. CONCLUSION

Plaintiff's Motion for Reconsideration (Dkt. No. 26) is hereby **DENIED**.

**IT IS SO ORDERED.**

**SIGNED this 23rd day of May, 2011.**

---
DAVID FOLSOM
UNITED STATES DISTRICT JUDGE