IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | |
|---|---|
| SIERRA CLUB,<br><br>Plaintiff,<br><br>v.<br><br>ENERGY FUTURE HOLDINGS CORPORATION and LUMINANT GENERATION COMPANY, LLC,<br><br>Defendants. | NO. 5:10-cv-00156-MHS-CMC |

## DEFENDANTS' ANSWER AND DEFENSES TO SIERRA CLUB'S COMPLAINT

Defendants Energy Future Holdings Corp. and Luminant Generation Company LLC ("Luminant") (collectively "Defendants") provide the following responses and defenses to the allegations contained in Sierra Club's Complaint. (Doc. 1).

### I.  ANSWER TO "STATEMENT OF THE CASE" ALLEGATIONS

1.  Defendants deny the allegations and characterizations of this lawsuit contained in Paragraph 1.

2.  The allegations contained in Paragraph 2 consist of anecdotal, general, and irrelevant statements that are incomplete, argumentative, and conclusory, and are solely intended to prejudice Defendants.  These allegations are not even directed at Defendants.  The documents referenced in paragraph 2 speak for themselves.  Defendants deny any statements that can be construed as allegations in Paragraph 2.

3.  Defendants deny this paragraph and that Sierra Club is entitled to injunctive relief, the assessment of civil penalties, or any other relief against Defendants under 42 U.S.C. § 7604 or any other provision of law.

4. Defendants deny that Energy Future Holdings Corp. owns or operates Martin Lake. Defendants admit that Luminant Generation Company LLC currently operates Martin Lake. Defendants admit that Martin Lake is a coal-fired electric generating plant located in Rusk County, Texas. Defendants admit that Martin Lake includes three electric generating units—Units 1, Unit 2, and Unit 3. Defendants deny the remaining allegations of Paragraph 4, including subparts A and B.

## II. ANSWER TO "JURISDICTION AND VENUE" ALLEGATIONS

5. Denied.

6. Defendants admit that Martin Lake is located in Rusk County, Texas, in the Eastern District of Texas. Defendants admit that Sierra Club asserts the Eastern District of Texas as the venue for this case. Defendants deny the remaining allegations of Paragraph 6.

7. Defendants admit that they received a letter from Sierra Club concerning Sierra Club's intent to sue Defendants under the Clean Air Act. Defendants deny that Sierra Club's letter conforms to the requirements of 42 U.S.C. § 7604(b)(1)(A) and other legal requirements, which speak for themselves. Defendants deny the remaining allegations of Paragraph 7.

8. Defendants lack knowledge or information necessary to respond to the allegations contained in Paragraph 8 and therefore deny them.

## III. ANSWER TO "PARTIES" ALLEGATIONS

9. Defendants lack knowledge or information necessary to respond to the allegations contained in Paragraph 9 and therefore deny them.

10. Denied.

11. Defendants admit that Energy Future Holdings Corp. is organized under the laws of Texas and that Energy Future Holdings Corp. is a parent company of Luminant. Defendants

deny that Energy Future Holdings Corp. owns or operates Martin Lake. Defendants admit that Luminant currently operates the Martin Lake Power Plant. Defendants admit that Luminant is the largest generator of electric power in the State of Texas. Defendants deny the remaining allegations of Paragraph 11.

### IV.  ANSWER TO "STATUTORY BACKGROUND" ALLEGATIONS

#### Answer to "Clean Air Act citizen enforcement provision" allegations

12.     Denied. 42 U.S.C. § 7401(b)(1) speaks for itself.

13.     The allegations contained in Paragraph 13 refer to the Clean Air Act, the Texas Title V Operating Program, and the Texas State Implementation Plan ("SIP"), all of which speak for themselves. Defendants deny any allegation, express or implied, contained in Paragraph 13 that is in any way inconsistent with the Clean Air Act, the Texas Title V Operating Program, or the Texas SIP. The allegations contained in Paragraphs 13 also contain argumentative and selective quotations from or characterizations of the Clean Air Act, the Texas Title V Operating Program, and the Texas SIP, or portions thereof, which, given the context in which they are made, are denied to the extent they allege any violation by Defendants.

#### Answer to "State Implementation Plans (SIPs)" Allegations

14-18. The allegations contained in Paragraphs 14-18 refer to the Clean Air Act, the Code of Federal Regulations, the *Federal Register*, the Texas SIP, and the Texas Administrative Code, all of which speak for themselves. Defendants deny any allegation, express or implied, contained in Paragraphs 14-18 that is in any way inconsistent with the Clean Air Act, the Code of Federal Regulations, the *Federal Register*, the Texas SIP, or the Texas Administrative Code. The allegations contained in Paragraphs 14-18 also contain argumentative and selective quotations from or characterizations of the Clean Air Act, the Code of Federal Regulations, the

*Federal Register*, the Texas SIP, or the Texas Administrative Code, or portions thereof, which, given the context in which they are made, are denied to the extent they allege any violation by Defendants.

## Answer to "Title V Operating Permits" Allegations

19-20. The allegations contained in Paragraphs 19-20 refer to the Clean Air Act, the Texas Title V Operating Program, the Code of Federal Regulations, the *Federal Register*, the Texas SIP, and the Texas Administrative Code, all of which speak for themselves.  Defendants deny any allegation, express or implied, contained in Paragraphs 19-20 that is in any way inconsistent with the Clean Air Act, the Texas Title V Operating Program, the Code of Federal Regulations, the *Federal Register*, the Texas SIP, or the Texas Administrative Code.  The allegations contained in Paragraphs 19-20 also contain argumentative and selective quotations from or characterizations of the Clean Air Act, the Texas Title V Operating Program, the Code of Federal Regulations, the *Federal Register*, the Texas SIP, or the Texas Administrative Code, or portions thereof, which, given the context in which they are made, are denied to the extent they allege any violation by Defendants.

## Answer to "Opacity" Allegations

21. The allegations contained in Paragraph 21 refer to the Texas Administrative Code, the *Federal Register*, and the Code of Federal Regulations, which speak for themselves. Defendants deny any allegation, express or implied, contained in Paragraph 21 that is in any way inconsistent with the Texas Administrative Code, the *Federal Register*, or the Code of Federal Regulations.  The allegations contained in Paragraph 21 also contain argumentative and selective quotations from or characterizations of the Texas Administrative Code, the *Federal Register*, and the Code of Federal Regulations, or portions thereof, which, given the context in which they are

made, are denied to the extent they allege any violation by Defendants. The allegations in Paragraph 21 consist of anecdotal, general, and irrelevant statements that are incomplete, argumentative, or conclusory, and are alleged solely to prejudice Defendants. These allegations are not even directed at Defendants. Defendants deny any statements that can be construed as allegations in Paragraph 21.

22-23. Defendants deny the allegations in Paragraphs 22-23.

24. The allegations contained in Paragraph 24 consist of anecdotal, general, and irrelevant statements that are incomplete, argumentative, and conclusory, and are alleged solely to prejudice Defendants. These allegations are not even directed at Defendants. Further, the allegations contained in Paragraph 23 refer to the Texas Title V Operating Program and the Texas Administrative Code, which speak for themselves. Defendants deny any allegation, express or implied, contained in Paragraph 23 that is in any way inconsistent with the Texas Title V Operating Program or the Texas Administrative Code. The allegations contained in Paragraph 23 also contain argumentative and selective quotations from or characterizations of the Texas Title V Operating Program or the Texas Administrative Code, or portions thereof, which, given the context in which they are made, are denied to the extent they allege any violation by Defendants.

25-26. The allegations contained in Paragraphs 25-26 consist of anecdotal, general, and irrelevant statements that are incomplete, argumentative, and conclusory, and are alleged solely to prejudice Defendants. These allegations are not even directed at Defendants. The documents referenced in Paragraphs 25-26 speak for themselves. Defendants deny any statements that can be construed as allegations in Paragraphs 25-26.

**Answer to "Heat Input" Allegations**

27-29. The allegations contained in Paragraphs 27-29 consist of anecdotal, general, and irrelevant statements that are incomplete, argumentative, and conclusory, and are alleged solely to prejudice Defendants. These allegations are not even directed at Defendants. The documents referenced in Paragraphs 27-29 speak for themselves. Defendants deny any statements that can be construed as allegations in Paragraphs 27-29. Defendants deny that they "represented" any heat input rate in a permit application for Martin Lake, or that any permit was issued "based on Defendants' representation."

**Answer to "Martin Lake Power Plant" Allegations**

30. Defendants deny that Energy Future Holdings Corp. owns or operates Martin Lake. Defendants admit that Luminant Generation Company LLC currently operates Martin Lake. Defendants admit that Martin Lake is a coal-fired electric generating plant located in Rusk County, Texas. Defendants admit that Martin Lake includes three coal-fired boiler units—Units 1, Unit 2, and Unit 3. Defendants admit that Unit 1 began operation in 1977, that Unit 2 began operation in 1978, and that Unit 3 began operation in 1979. Defendants admit that Units 1, 2, and 3 have electrostatic precipitators and wet flue gas desulfurization units to control particulate matter and sulfur emissions. Defendants deny the remaining allegations of Paragraph 30.

31. Denied. The Clean Air Act and the Texas SIP speak for themselves.

32-33. Defendants admit that Martin Lake operates pursuant to Clean Air Act Title V Permit No. O53 ("Permit No. O53"). The terms of Permit No. O53 speak for themselves. Defendants deny the remaining allegations contained in Paragraphs 32-33.

V.   **ANSWER TO "FIRST CLAIM OF RELIEF" ALLEGATIONS**

34. Defendants restate and incorporate their responses to Paragraphs 1-33.

33-38. Defendants deny the allegations of Paragraphs 33-38.

39. Defendants deny the allegations of Paragraph 39. Defendants specifically deny that Sierra Club is entitled to any relief. Defendants deny each and every allegation contained in Sierra Club's Complaint not expressly admitted herein.

## VI. ANSWER TO "SECOND CLAIM FOR RELIEF" ALLEGATIONS

40. Defendants restate and incorporate their responses to Paragraphs 1-39.

41-43. Defendants deny the allegations of Paragraphs 41-43.

## VII. ANSWER TO "PRAYER FOR RELIEF" ALLEGATIONS

In response to the paragraph beginning "WHEREFORE," including its subparts A through E, Defendants specifically deny that Sierra Club is entitled to any relief. Defendants deny each and every allegation contained in Sierra Club's Complaint not expressly admitted herein.

## DEFENDANTS' DEFENSES

In response to Sierra Club's Complaint, Defendants hereby assert the following defenses:

## FIRST DEFENSE

Sierra Club's Complaint fails to state a claim against Defendants upon which relief can be granted.

## SECOND DEFENSE

Sierra Club's claims are barred in whole or in part by the applicable statute(s) of limitations or, in the alternative, laches and estoppel.

## THIRD DEFENSE

Sierra Club's claims are barred because Sierra Club failed to provide Defendants, the State of Texas, and the Administrator of the U.S. Environmental Protection Agency with

adequate notice of Sierra Club's intent to sue as required by 42 U.S.C. § 7604(b) and associated regulations prior to bringing this action.

### FOURTH DEFENSE

This Court lacks jurisdiction over Sierra Club's claims under 42 U.S.C. § 7604(a).

### FIFTH DEFENSE

Sierra Club seeks fines, penalties, or injunctive relief barred by the Due Process Clause of the U.S. Constitution.

### SIXTH DEFENSE

The Court lacks subject matter jurisdiction over Sierra Club's claims because Sierra Club lacks standing to bring them. Sierra Club lacks Article III and prudential standing.

### SEVENTH DEFENSE

Sierra Club's claims and the relief it seeks are barred by one or more exemptions or affirmative defenses in the Texas Clean Air Act State Implementation Plan ("SIP") and Martin Lake's Title V permit, including but not limited to those contained in 30 Texas Administrative Code §§ 111.111(a) & 101.222.

### EIGHTH DEFENSE

This Court lacks subject matter jurisdiction over Sierra Club's claims because they are not violations that have been repeated.

### NINTH DEFENSE

Sierra Club's claims are barred by estoppel and/or waiver.

### TENTH DEFENSE

Sierra Club's claims are barred and moot because the activities that it challenges are authorized by permit issued pursuant to the Texas SIP.

**ELEVENTH DEFENSE**

Sierra Club is not entitled to injunctive relief because such relief is not in the public interest and Sierra Club has not made the showing necessary for such relief.

**TWELFTH DEFENSE**

Sierra Club's claims are barred and invalid because they rely exclusively on violations of federal statutory deadlines by the U.S. Environmental Protective Agency.

**THIRTEENTH DEFENSE**

The opacity events alleged by Sierra Club have been determined by the Texas Commission on Environmental Quality not to be violations of the Texas SIP.

**FOURTEENTH DEFENSE**

The relief sought by Sierra Club is barred by the Excessive Fines Clause of the Eighth Amendment to the U.S. Constitution.

Respectfully submitted,

                                               */s/ Bill Dawson*
                                               Counsel for Defendants

Dated: October 8, 2013

**Counsel for Defendants Energy Future Holdings Corp. and Luminant Generation Company LLC:**

**William B. Dawson**, SBN 05606300
**Michael L. Raiff**, SBN 00784803
**Russell H. Falconer**, SBN 24069695
**Elizabeth M. Viney**, SBN 24073134
Gibson, Dunn & Crutcher LLP
2100 McKinney Avenue
Suite 1100
Dallas, Texas 75201-6912
Phone: (214) 698-3100
Fax: (214) 571-2900
Email: wdawson@gibsondunn.com
        mraiff@gibsondunn.com
        rfalconer@gibsondunn.com
        eviney@gibsondunn.com

**P. Stephen Gidiere III**, SBN 24077984
**Thomas L. Casey, III**
Balch & Bingham LLP
1901 Sixth Avenue North, Suite 1500
Birmingham, Alabama 35203
Phone: (205) 251-8100
Fax: (205) 488-5694
Email: sgidiere@balch.com
        tcasey@balch.com

**Otis W. Carroll, Jr.**, SBN 0389700
**Collin Michael Maloney**, SBN 00794219
Ireland Carroll & Kelley
6101 S. Broadway, Suite 500
Tyler, Texas 75703
Phone: (903) 561-1600
Fax: (903) 581-1071
Email: otiscarroll@icklaw.com
        cmaloney@icklaw.com

**Daniel J. Kelly**, SBN 24041229
Associate General Counsel
Energy Future Holdings Corp.
1601 Bryan Street, 43rd Floor
Dallas, Texas 75201
Phone: (214) 812-7182
Fax: (214) 812-6075
Email:
        dan.kelly@energyfutureholdings.com

## **CERTIFICATE OF SERVICE**

I hereby certify that the foregoing document was served by the Court's CM/ECF system on October 8, 2013, on the following:

Elena Saxonhouse (elena.saxonhouse@sierraclub.org)
Sanjay Narayan (sanjay.narayan@sierraclub.org)
Sierra Club
85 Second Street, 2nd Floor
San Francisco, CA 94105

Julie Kaplan (jkaplan@environmentalintegrity.org)
Environmental Integrity Project
One Thomas Circle, N.W., Suite 900
Washington, DC 20005

Charles McPhedran (cmcphedran@earthjustice.org)
Earthjustice - PA
1617 John Kennedy Blvd., Suite 1675
Philadelphia, PA 19103

Suma Peesapati (speesapati@earthjustice.org)
Earthjustice
50 California Street, Fifth Floor
San Francisco, CA 94111

Ilan Levin (ilevin@environmentalintegrity.org)
Environmental Integrity Project – Austin
1303 San Antonio Street, Suite 200
Austin, TX 78701

J. Patton Dycus (pattondycus@gmail.com)
Environmental Integrity Project – Atlanta
2532 Knox Street, NE
Atlanta, GA 30317

                                                                __/s/ Bill Dawson_____
                                                                Counsel for Defendants